UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH BORY and MAUREEN BORY,

    Plaintiffs,

v.                                       Case No.3:09-cv-1149-J-12MCR

U.S. RAILROAD RETIREMENT BOARD,

    Defendant.

---

## ORDER

This cause is before the Court on Defendant's Motion to Dismiss (Doc. 9), filed February 16, 2010, and Plaintiffs' response in opposition (Doc. 10), filed March 2, 2010. On April 7, 2010, the Court heard oral argument on the motion. Pursuant to Fed.R.Civ.P. 12(b)(1), Defendant seeks dismissal of both counts of Plaintiffs' Complaint (Doc. 1).

Count I of Plaintiff's Complaint seeks relief pursuant to 5 U.S.C. §522(a)(2) of the Freedom of Information Act ("FOIA"). Plaintiffs assert that they "have exhausted all administrative remedies required under FOIA." Doc. 1 at ¶ 33. Defendant seeks dismissal of this count for Plaintiffs' failure to exhaust administrative remedies.

In their Complaint, Plaintiffs do not allege how they have exhausted the administrative remedies. Their response to Defendant's Motion to Dismiss, and the argument of counsel at the motion hearing, however, reveal their position to be that they have constructively exhausted their FOIA administrative remedies.

The Court is of the opinion that Plaintiff's Complaint does not present sufficient allegations regarding the matter of exhaustion of administrative remedies under FOIA to adequately notify Defendant as to their claim in this regard. As a result, the Court will

dismiss Count I of Plaintiff's Complaint with leave to amend.

Count II of Plaintiff's Complaint seeks review of Defendant's actions in reducing Plaintiffs' monthly benefits, pursuant to 5 U.S.C. 706 (2). That provision, however, does not confer subject-matter jurisdiction on this Court to review Defendant's actions or decisions. See Your Home Visiting Nurse Services v. Shalala, 525 U.S. 449, 458-459 (1999); Califano v. Sanders, 430 U.S. 99, 104-107 (1977).

Moreover, exclusive jurisdiction for review of Defendant's final decisions lies with the United States Court of Appeals. 45 U.S.C. §§ 231g and 355(f). See also Leal v. Szoeke, 917 F.2d 206, 207 (5th Cir. 1990); Federal Procedure, Lawyers Edition, §61.599-601 (Thompson/West 2008). As a result, the Court will dismiss Count II of Plaintiff's Complaint with prejudice for lack of subject-matter jurisdiction.

Accordingly, upon review of the matter, it is

**ORDERED AND ADJUDGED:**

1. That Defendant's Motion to Dismiss (Doc. 9) as to Count I of Plaintiffs' Complaint (Doc. 1) is granted, and Count I is dismissed without prejudice and with leave to file an amended complaint by May 5, 2010; and

2. That Defendant's Motion to Dismiss (Doc. 9) as to Count II of Plaintiffs' Complaint (Doc. 1) is granted, and Count II is dismissed with prejudice for lack of subject-matter jurisdiction.

**DONE AND ORDERED** this ___14th___ day of April 2010.

*Howell W. Melton*
Senior United States District Judge

Copies to: Counsel of Record