UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH BORY and MAUREEN BORY,

    Plaintiffs,

v.                            Case No.3:09-cv-1149-J-12MCR

U.S. RAILROAD RETIREMENT BOARD,

    Defendant.

_____

## ORDER

This cause is before the Court on Defendant's Motion for Summary Judgment (Doc. 25), filed August 20, 2010, and Plaintiff's response in opposition thereto (Doc. 30), filed September 14, 2010. On November 17, 2010, the Court conducted a hearing on the motion. The Court has considered the submissions of the parties, argument of counsel, and applicable law, and for the reasons set forth below, will deny Defendant's Motion for Summary Judgment.

In determining whether Defendant is entitled to summary judgment in this case, the Court applies familiar standards. Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to dispose of unsupported claims or defenses which, as a matter of law, do not

raise issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether the movant is entitled to summary judgment, the Court must view all the evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party, and must resolve all reasonable doubts in favor of the non-movant. See, e.g., Rioux v. City of Atlanta, Georgia, 520 F.3d 1269, 1274 (11th Cir. 2008)(citations omitted).

Defendant seeks summary judgment on Plaintiffs' claims for relief under the Freedom of Information Act ("FOIA") contained in their Amended Complaint for Relief (Doc. 17). It is undisputed that on October 23, 2008, Defendant advised Plaintiffs that each of their monthly pension benefits would be reduced (see Docs. 30-3 at 35-37 and 67-69, and 30-4 at 42-44), and after they appealed the recalculations, advised them on January 8, 2009, that they previously had been overpaid, without explanation of how the calculations were made (see Doc. 18, Exh. 1 at 43-49).

On January 20, and February 2, 2009, respectively, Plaintiffs Joseph and Maureen Bory each submitted two FOIA requests seeking documentation regarding calculations made concerning their original and reduced benefit amounts and the rules and regulations pertaining to them. Docs. 30-1 at 5-6 and 30-2 at 7-8. Defendant provided what it claimed to be "a complete copy of the records maintained by the Railroad Retirement Board regarding you" in response to their requests on February 2 and 13. Docs. 25-4 and 25-5. On April 2, 2010, Defendant provided Plaintiffs with some forms allegedly containing information regarding the payment of annuities and directed them to Defendant's website where "Agency Procedural Manuals" could be viewed. Doc. 25-8.

Plaintiffs allege that the documents Defendant provided were unresponsive and

2

incomplete in that they did not provide information sufficient to determine how their original and reduced benefit amounts had been determined.[1] Plaintiffs assert that they have constructively exhausted their administrative remedies because Defendant's failure to fully respond to their FOIA requests renders its responses untimely, and because Defendant failed to notify Plaintiffs of their right to appeal.

Defendant maintains that it is entitled to summary judgment for two reasons. First, Defendant claims that it provided Plaintiffs with a complete copy of its records concerning them, so it fully responded to their FOIA requests and there are no further documents to be produced. Second, Defendant asserts that Plaintiffs did not appeal Defendant's responses to their requests so they have failed to exhaust their administrative remedies as required under FOIA.

Defendant has submitted the affidavit of Steven A. Bartholow in support of its position that it provided a compete copy of all its records concerning Plaintiffs in response to their FOIA requests and that because it did so, it was not required to advise Plaintiffs of a right to appeal. See Doc. 25-1. Plaintiffs have submitted affidavits in response to the motion for summary judgment challenging the completeness of the records provided and listing numerous documents (some 60 plus) that they allege should have been part of their

---

[1] At the hearing, Defendant correctly argued that to the extent that Plaintiffs' Amended Complaint for Relief (Doc. 17) seeks documents that are available in the public record, the FOIA does not require Defendant to produce them. See 5 U.S.C. § 552a(2); Doc. 25 at 18-19; Docs. 25-6 and 25-7. While Plaintiffs' Amended Complaint for Relief does allege that Defendant did not provide them with agency rules and regulations that they have not contested are available in the public record, it also asserts that documents reflecting Defendant's investigation of Plaintiffs' eligibility for and calculation of benefits were not produced. See, e.g., Doc. 17 at ¶¶ 18 and 28.

pension records with Defendant but were not provided in response to their FOIA requests.[2] See Docs. 30-1 at 2-3 and 30-2 at 2-5.

In this case, the record ultimately will establish either that Defendant conducted a search reasonably calculated to uncover all relevant records and it's responses to Plaintiffs' FOIA requests were complete, and it will prevail on that basis, or that they were not, and Plaintiffs will prevail and should be deemed to have constructively exhausted their administrative remedies because it is undisputed Plaintiffs were not advised of their right to appeal the Defendant's responses as required under FOIA. See Ruotolo v. Dept. of Justice, Tax Div., 53 F.3d 4, 8-9 (2d Cir. 1995). The Court agrees with Defendant's position that once some documents were produced in response to Plaintiffs' requests before they filed suit in federal court, even if the documents were untimely produced, Plaintiffs ordinarily would then have been required to exhaust administrative remedies. See Taylor v. Appleton, 30 F.3d 1365, 1369-1370 (11th Cir. 1994) and McDonnell v. United States, 4 F.3d 1227, 1240 (3d Cir. 1993), both citing Oglesby v. U.S. Dept. of Army, 920 F. 2d 57, 61-65 (D.C. Cir. 1990). However the ordinary case requires that the agency notify the information requester of their right to appeal, which the parties do not dispute was not done in this case.[3] See Oglesby, 920 F.2d at 65.

---

[2] At the hearing, Defendant identified several documents listed by Plaintiffs that it claims were produced, albeit perhaps in a different format than that received by Plaintiffs, and appear in the record as part of the attachment to it's Motion to Dismiss (Doc. 18) Plaintiff's Amended Complaint for Relief (Doc. 17). That Defendant located and identified approximately 4-5 documents in a list of over 60, still leaves a question of fact regarding whether its search was thorough and its responses to Plaintiffs' FOIA requests were complete.

[3] Defendant cites 20 C.F.R. Ch. II, §200.4(i), for its position that because it made no full or partial denial of Plaintiffs' FOIA requests, it had no obligation to inform

Clearly, a question of fact exists on the record before the Court regarding whether Defendant thoroughly searched it records and fully responded to Plaintiffs' FOIA requests, and so summary judgment on this basis is not warranted.[4] Moreover, because a question of fact exists as to whether Defendant fully responded to their FOIA requests, a question of fact exists also as to whether Plaintiffs should have been notified of their right to appeal Defendant's responses. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That Defendant's Motion for Summary Judgment (Doc. 25) is denied;

2. That Defendant shall have until December 22, 2010, to file its Answer to Plaintiffs' Amended Complaint for Relief (Doc. 17); and

3. That the parties shall have until January 12, 2011, to file their Case Management Report.

---

them of their right to appeal. Such position assumes that a complete search and disclosure was made, but as discussed herein, a question of fact exists in this case in that regard, so a question of fact likewise exists as to whether Plaintiffs should have been notified of their right to appeal. To support Defendant's position that it need not notify FOIA requesters of their right to appeal whenever it claims to have provided all information and also then to require all requesters to administratively exhaust agency remedies before seeking relief in federal court when they dispute that all information was provided, simply would not be fair, and is not required to fulfill the purposes of the exhaustion requirement, which include giving Defendant an opportunity to correct its mistake or omission.

[4] The Court notes that the parties have not yet filed a Case Management Report or engaged in discovery in this case. Plaintiffs have raised a sufficient question regarding the completeness of Defendant's responses to their FOIA requests to merit the opportunity to seek discovery regarding their claims.

**DONE AND ORDERED** this ___8th___ day of December 2010.

*Howell W. Melton*
Senior United States District Judge

c:   Counsel of Record