UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH BORY and MAUREEN BORY,

    Plaintiffs,

v.                                      Case No.3:09-cv-1149-J-12MCR

U.S. RAILROAD RETIREMENT BOARD,

    Defendant.

___

**ORDER**

This cause is before the Court on Defendant's Motion to Stay Discovery and the Filing of a Case Management Report and to Redesignate Action as a Track One Case (Doc. 40), filed January 24, 2011, and Plaintiffs' response in opposition thereto (Doc. 41), filed February 7, 2011. The Court has considered the submissions of the parties and will deny the motion.

On December 9, 2010, the Court entered its Order (Doc. 36) denying Defendant's Motion for Summary Judgment (Doc. 25) in this Freedom of Information Act ("FOIA") case, finding that "a question of fact exists on the record before the Court regarding whether Defendant thoroughly searched it records and fully responded to Plaintiffs' FOIA requests, and so summary judgment on this basis is not warranted." Doc. 36 at 5. The Court found that Plaintiffs had established that a question of fact existed regarding Defendant's position that it had provided "a complete copy of the records maintained by the Railroad Retirement Board regarding [them]." Doc. 36 at 2. In response to the affidavit submitted by Defendant in support of its position, Plaintiffs identified some 60-plus documents

concerning them that they alleged should have been part of their pension records. Doc. 36 at 3-4. The Court noted that although, at the hearing on its motion, Defendant identified several documents listed by Plaintiffs that it claims were produced in a different format, a question of fact remained "whether its search was thorough and its responses to Plaintiffs' FOIA requests were complete." Doc. 36 at 3, n. 1.

The Court observed that

> [i]n this case, the record ultimately will establish either that Defendant conducted a search reasonably calculated to uncover all relevant records and it's responses to Plaintiffs' FOIA requests were complete, and it will prevail on that basis, or that they were not, and Plaintiffs will prevail and should be deemed to have constructively exhausted their administrative remedies because it is undisputed Plaintiffs were not advised of their right to appeal the Defendant's responses as required under FOIA. See Ruotolo v. Dept. of Justice, Tax Div., 53 F.3d 4, 8-9 (2d Cir. 1995).

Doc. 36 at 4. The Court also noted that "Plaintiffs have raised a sufficient question regarding the completeness of Defendant's responses to their FOIA requests to merit the opportunity to seek discovery regarding their claims." Doc. 36 at 5,n.4. The Court ordered the Defendant to file an Answer to Plaintiffs' Amended Complaint, which it did (see Doc. 39), and to confer with Plaintiffs and file a Case Management Report.

Defendant now seeks to stay discovery and the filing of the Case Management Report so that it may present additional evidence in the form of supplemental affidavits in order to establish that its search was reasonably calculated to uncover all relevant records and that it has provided Plaintiffs with their complete records.

Defendant sought dismissal of Plaintiffs' Complaint and Amended Complaint, which the Court denied after hearings (see Docs. 15 and 22), and has had the opportunity to seek summary judgment on the merits, before discovery, which the Court has denied.

2

While it may be true that many FOIA cases are resolved on summary judgment without discovery on the basis of affidavits or declarations submitted by the defendant agency, for the reasons stated above as discussed its Order (Doc. 36) denying Defendant's Motion for Summary Judgment, the Court has found that a basis for discovery exists in this case.[1]

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.   That Defendant's Motion to Stay Discovery and the Filing of a Case Management Report and to Redesignate the Case as a Track One Case (Doc. 40) is denied; and

2.   That the parties shall have until April 4, 2011, to confer and file a Case Management Report, so that the Court may enter a Case Management Order, which will include a dispositive motion deadline, giving both parties the opportunity to seek summary judgment after the discovery period.

**DONE AND ORDERED** this ___7th___ day of March 2011.

*Howell W. Melton*
Senior United States District Judge

c:   Counsel of Record

---

[1]   Plaintiffs agree with Defendant that when discovery is permitted in FOIA cases, it generally is limited to the scope of the agency's document search, identification, retrieval, indexing, and classification procedures. See Docs. 40 at 6-7; and 41 at 5.