UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH BORY and MAUREEN BORY,

    Plaintiffs,

v.                                     Case No.3:09-cv-1149-J-12MCR

U.S. RAILROAD RETIREMENT BOARD,

    Defendant.

## ORDER

This cause is before the Court on cross-motions for summary judgment and supporting documents. See Docs. 68, 69, 71, 72, 75, 76, 77, 79 and 89.[1] On December 5, 2012, the Court conducted a hearing on the motions.[2] The parties have agreed that this Freedom of Information Act ("FOIA") case may be finally and completely resolved on their cross-motions for summary judgment, in lieu of a non-jury trial. The Court has considered the record in this case, argument of counsel, and applicable law. For the reasons set forth below, the Court will grant summary judgment in favor of Plaintiffs.

**Factual Background**

Plaintiffs' Amended Complaint for Relief (Amended Complaint, Doc. 17) seeks relief for Defendant's alleged violation of the FOIA. It is undisputed that on October 23, 2008,

---

[1] These documents also refer to additional documents that are part of the record in this case and the Court refers to those documents as appropriate.

[2] Because of illness, the undersigned temporarily has taken over this case for The Honorable Howell W. Melton, Senior United States District Judge. I have read the transcript of that hearing (Doc. 90), in addition to the case file.

Defendant advised Plaintiffs that each of their monthly pension benefits would be reduced. See Docs. 30-3 at 35-37 and 67-69, and 30-4 at 42-44. After they appealed the recalculations, Defendant advised them on January 8, 2009, that they previously had been overpaid, based upon their last pre-retirement employer, without specific explanation of how the calculations were made. See Doc. 18, Exh. 1 at 43-49.

On January 20, and February 2, 2009, respectively, Plaintiffs Joseph and Maureen Bory each submitted two FOIA requests seeking "any documentation on paper, e-mail or microfiche that were used to calculate" their original and adjusted Railroad Retirement Board benefit amounts, and the rules and regulations pertaining to them. Docs. 30-1 at 5-6 and 30-2 at 7-8. Plaintiffs submitted the FOIA requests "seeking an explanation for [Defendant's] decision to reduce their monthly benefits. Amended Complaint, Doc. 17 at ¶ 15.

On February 2 and 13, 2009, within the applicable 20-day response period, Defendant provided what it described as "a complete copy of the records maintained by the Railroad Retirement Board regarding you." Docs. 25-4 and 25-5. On April 2, 2010, Defendant provided Plaintiffs with forms containing information regarding the payment of annuities and directed them to Defendant's website where "Agency Procedural Manuals" could be viewed. Doc. 25-8. After receiving documents from Defendant, Plaintiffs' attorney wrote several letters to Defendant claiming that the information provided was inadequate to determine the basis for the reduction in Plaintiffs' benefits. See Doc. 68-1 at 1-6.

While Plaintiffs pursued information regarding their benefit calculations via their FOIA request, they also pursued administrative appeals of Defendant's decision reducing

their benefits. They also submitted a second FOIA request in 2011, which is not the subject of this suit.

Plaintiffs allege that the documents Defendant provided were unresponsive and incomplete in that they did not provide information sufficient to determine how their original and reduced benefit amounts had been determined, or what if any investigation had been conducted before doing so.[3] See Amended Complaint, Doc. 17 at p. 4-5. They contend that additional documents responsive to their initial FOIA requests provided subsequent to Defendant's initial document release establish that Defendant did not comply with its obligations under the FOIA. Plaintiffs also assert that they have constructively exhausted their administrative remedies under the FOIA because Defendant failed to notify Plaintiffs of their right to appeal.

Defendant maintains that it is entitled to summary judgment because the record establishes that its initial release of documents resulted from a search reasonably calculated to uncover all relevant records in compliance with the FOIA. Defendant argues that subsequent disclosures of additional documents demonstrate its good faith in attempting to comply with the FOIA. It also maintains that its release of additional documents does not establish that it improperly withheld records because these later-released documents would not have been released in response Plaintiffs' initial FOIA request as exempt internal memoranda or agency communications, were non-existent at the time of Plaintiffs' request, or were non-responsive in providing an explanation regarding

---

[3] The Court previously has noted that to the extent that Plaintiffs' Amended Complaint (Doc. 17) seeks documents that are available in the public record, the FOIA does not require Defendant to produce them. See 5 U.S.C. § 552(a)(2); Doc. 25 at 18-19; Docs. 25-6 and 25-7; and Doc. 36. Defendant did in fact provide some of these public documents to Plaintiffs even though they were not required to do so.

the reduction in Plaintiffs' benefits. Defendant has submitted the affidavits of Steven A. Bartholow (Doc. 25-1)("Bartholow Affidavit") and Eric T. Wooden (Doc. 77-1)("Wooden Affidavit") to establish that its search for records was reasonably calculated to discover all responsive documents, that it provided a compete copy of its records concerning Plaintiffs in response to their FOIA requests, and that because it did so, it was not required to advise Plaintiffs of a right to appeal. See Bartholow Affidavit, Doc. 25-1 and Wooden Affidavit, Doc. 77-1. Defendant also asserts that Plaintiffs did not file a formal appeal of Defendant's response to their initial FOIA request, so they have failed to exhaust their administrative remedies as required under the FOIA.

The Court will review the summary judgment standard to be applied in this FOIA case, then will analyze the facts under the relevant law and explain why summary judgment in favor of Plaintiffs is warranted. Finally, the Court will address the exhaustion requirement.

**Summary Judgment Standard Under The FOIA**

"The Freedom of Information Act (FOIA) vests jurisdiction in federal district courts to enjoin an 'agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.'" Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 139 (1980)(citing 5 U.S.C. § 552(a)(4)(B)).

> The FOIA represents a carefully balanced scheme of public rights and agency obligations designed to foster greater access to agency records than existed prior to its enactment. That statutory scheme authorizes federal

> courts to ensure private access to requested materials when three requirements have been met. Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation.

Id. at 150. "Most courts which have considered the question have concluded that the FOIA is only directed at requiring agencies to disclose those 'agency records' for which they have chosen to retain possession or control." Id. at 152 (citations omitted). That means that "[t]he Act does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained." Id. The FOIA requires the requester to adequately identify the records which are sought. 5 U.S.C. § 552(a)(3)(A); Kissinger, 445 U.S. at 157.

"Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified." Miccosukee Tribe of Indians of Florida v. United States, 516 F.3d 1235 (11th Cir. 2008)(citing Miscavige v. I.R.S., 2 F.3d 366, 369 (11th Cir.1993). The District of Columbia Circuit Court, which handles a great deal of FOIA litigation due to the large number of government agencies in its jurisdiction, has explained that

> [t]he standard governing a grant of summary judgment in favor of an agency that claims it has fully discharged its FOIA disclosure obligations is well established. As we explained in Weisberg v. Dep't. of Justice, 745 F.2d 1476, 1485 (D.C.Cir.1984), the agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact. To meet this burden, "the agency must demonstrate that it has conducted a 'search reasonably calculated to uncover all relevant documents.'" Id. The question is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. The adequacy of the search, in turn, is

5

> judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith. Id.

Steinberg v. U.S. Dept. of Justice, 23 F.3d 548, 551(D.C. Cir.1994).

Therefore, "[r]easonableness is the 'guiding principle' for a court faced with a FOIA summary judgment motion." Weisberg v. U.S. Department of Justice, 745 F.2d 1476, 1485 (D.C.Cir.1984). "[A] lack of timeliness does not preclude summary judgment for an agency in a FOIA case. The only question for summary judgment is whether the agency finally conducted a reasonable search, and whether its withholdings are justified. When exactly a reasonable search was conducted is irrelevant." Landmark Legal Foundation v. E.P.A., 272 F.Supp.2d 59, 62 (D.D.Cir.,2003)(citations omitted).

"Summary judgment may be granted on the basis of agency affidavits if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." Gallant v. N.L.R.B., 26 F.3d 168, 171 (D.C. Cir. 1994) (citations omitted). In order for an agency to be entitled to summary judgment, its affidavits should describe in reasonable detail adequate searches of all files likely to contain responsive material, identifying such things the affiant's role in the agency, how the FOIA request was processed and the scope of the search, that is, the affidavits should provide information specific enough to enable the requester to challenge the reasonableness of the procedures used. Landmark, 272 F.Supp.2d at 66.

The FOIA does not require an agency to create a document in response to a request, answer questions disguised as a FOIA request, or conduct research in response

to a FOIA request. Id. at 64. The reasonableness necessary to determine whether a FOIA search is adequate must be determined on a case by case basis, considering such relevant factors as the amount of time and staff devoted to the request and whether the agency attempted to limit its search to one or more places when other sources likely would have contained information requested. Id. at 64-65.

Continuing discovery and release of documents may not prove that the original search was inadequate, but rather may show good faith on the part of the agency that it continues to search for responsive documents. Meeropol v. Meese, 790 F.2d 942, 952–53 (D.C.Cir.1986); Landmark, 272 F.Supp.2d at 63. "A FOIA action is designed to remedy the improper withholding of documents and to compel their disclosure; it does not provide an after-the-fact remedy once documents have been released, however tardily." Id. at 69 (citing Tijerina v. Walters, 821 F.2d 789, 799 (D.C.Cir.1987)).

"When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant... [and m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." Safecard Services, Inc. v. S.E.C., 926 F.2d 1197, 1201 (D.C.Cir.1991)(citing Meeropol, 790 F.2d at 950-51; Weisberg, 745 F.2d at 1486-87). "The FOIA provides a claimant with a remedy only against an agency that has "improperly withheld" a record ...[i[f the agency is no longer in possession of the document, for a reason that is not itself suspect, then the agency is not improperly withholding that document and the court will not order the agency to take further action in order to produce it." Id. (citations omitted).

The Court now applies the relevant law to the facts of this case. For the reasons set forth below, the Court finds that Plaintiffs have established that Defendant improperly withheld agency records because Defendant has not established that its search for responsive documents was adequate or reasonably calculated to uncover all relevant documents.

**Analysis**

In order to prevail on its motion for summary judgment, Plaintiffs must show that Defendant improperly withheld agency records in response to Plaintiffs' 2009 FOIA request. See Kissinger at 152. Defendant, on the other hand, is entitled to summary judgment, if it demonstrates that it conducted a search reasonably calculated to uncover all relevant documents in response to Plaintiffs' 2009 FOIA requests, even if every responsive document was not discovered and released at that time. See Steinberg, 23 F.3d at 551.

Defendant has provided the Affidavit of Eric T. Wooden, General Attorney for Defendant (Doc. 77-1), who along with Marguerite P. Dadabo, Assistant General Counsel, and Steven A. Bartholow, the former Chief FOIA Officer and General Counsel,[4] were responsible for reviewing and responding to FOIA requests on behalf of Defendant, and responded to Plaintiffs' requests. The Wooden Affidavit explains that Defendant's records are maintained by railroad employees' social security number, and three (3) databases were searched to locate records responsive to Plaintiffs' FOIA requests: the Automated

---

[4] The Court also has reviewed the Bartholow Affidavit (Doc. 25-1). It repeats much of the same information contained in the Wooden Affidavit.

Folder Control System containing claim files; the Employee Data Maintenance system containing other electronic records; and the Defendant's imaged documents system. Wooden Affidavit, Doc. 77-1 at ¶ 12 and 31. Defendant maintains that all records located in these central repositories were disclosed to Plaintiffs and that any documents Plaintiffs had it their possession which were not disclosed likely were not scanned into the imaging system. Id. at ¶ 15 and 31.

In support of their position that the record establishes that Defendant improperly withheld agency records, Plaintiffs point to: 1) to documents they had in their possession which were not included in Defendant's initial release of what purported to be their complete agency files; and 2) other documents Defendant released throughout the pendency of this litigation. The Court discusses each category of documents in turn.

With respect to the documents Plaintiffs had in their possession which were not included by Defendant as part of its initial response to their FOIA requests,[5] the parties submitted a Joint Stipulation (Doc. 89) identifying and attaching each document not included. Defendant explains that it did not have at the time of Plaintiffs' 2009 FOIA request, nor does it currently have in its possession, the documents attached as Exhibit A to their Joint Stipulation (Doc. 89-1). These documents include such items as letters providing an annuity or benefit estimate for July, 2003, and October 2008; letters advising of cost-of-living adjustments to benefits for January, 2005 -2009, and a request to provide Defendant with information. Defendant states that these documents likely were not

---

[5] These documents formed the basis for the Court's denial of Defendant's first motion for summary judgment. At that time, Defendant had not attempted to identify each document that had not been produced or to explain why those documents were not uncovered and disclosed in Defendant's initial records search.

scanned into its imaging system, and argues that in any event, Plaintiffs are not harmed in any way by Defendant's failure to produce them, since they had access to these documents. See Wooden Affidavit, Doc. 77-1 at ¶ 15.

The FOIA requires federal agencies to disclose all non-exempt documents responsive to a reasonably specific request. Defendant has cited no authority for excusing an agency from its FOIA obligations because the requester was not harmed.

An agency is not required to maintain any specific documents and only is required to produce documents actually in its possession. See Kissinger, 445 U.S. at 152. With respect to the documents attached as Exhibit A to their Joint Stipulation (Doc. 89-1), the Court finds no basis in the record to conclude that Defendant exhibited any bad faith in the failure to retain these documents or otherwise improperly withheld them.

The remaining documents in Plaintiffs' possession, but not released by Defendant as part of their alleged complete agency files, are attached to the parties' Joint Stipulation as Exhibit B (Doc. 89-2). They include such items as Defendant's responses to requests for (non-binding) estimates of projected benefits, requests for information from Plaintiffs, acknowledgment of receipt of and responses to letters sent by Plaintiffs, and letters advising of adjustment of benefits for cost-of-living and federal income tax withholding. Defendant asserts that these documents were not responsive to the initial FOIA requests because they were not used to calculate Plaintiffs' retirement benefits. In the Joint Stipulation, Defendant does not deny that these documents existed somewhere in its records at the time of Plaintiffs' initial FOIA request, nor does it attempt to explain where these documents ultimately may have been kept or why they were not part of its initial release of documents. Neither does Defendant explain how the alleged non-

responsiveness of these documents distinguishes them from other non-responsive documents included in its release of Plaintiffs' purported complete agency record.

The existence of these additional documents poses a serious challenge to Defendant's claim that its initial search was reasonably calculated to uncover all relevant documents. This is true despite the fact that the documents were in Plaintiffs' possession at the time of their FOIA request, appear to be of minimal assistance in determining how Plaintiffs' benefit reductions were calculated, and Defendant's search need only have been reasonably calculated to uncover all responsive documents, not that it necessarily locate every responsive document. See Steinberg, 23 F.3d at 551; Safecard Services, 926 F.2d at 1201 (citing Meeropol, 790 F.2d at 950-51; Weisberg, 745 F.2d at 1486-87).

The existence of these documents calls into question Defendant's assertions that its search of three (3) different central databases using Plaintiffs' social security number and the production of the documents it located as a result was adequate to uncover all relevant documents, and that it led to the disclosure of its complete record as to Plaintiffs (which included many non-responsive documents) such that it was not required to notify them of their right to appeal under the FOIA. The existence of the documents attached to the parties' Joint Stipulation as Exhibit B (Doc. 89-2), and the lack of explanation from Defendant as to why they were not uncovered and released as part of is initial search alone could support a finding that Defendant improperly withheld documents because its search was not reasonably calculated to uncover all relevant documents. But the Court need not rely solely on the existence of these documents.

Plaintiffs also cite to numerous other responsive documents that have been produced over the course of this litigation and throughout the administrative proceedings

11

regarding calculation of their benefits. These include documents: 1) produced in response to discovery requests in this case (Exhibit B, Doc. 79-4);[6] 2) released in response to a July, 2011, FOIA request (Exhibit C, 79-5);[7] and provided in March, 2012, prior to a May 2012, administrative hearing (Exhibits D and E, Docs. 79-6 and 79-7; Docs. 68-4 through 68-13).[8]

Defendant asserts that some of these documents were not in existence at the time of the initial FOIA request, and others would have been exempt as privileged so they cannot be used to establish that it improperly withheld agency records. Defendant also points out that its ongoing disclosure (of even privileged documents) shows its good faith attempt to comply with the FOIA, and results from the fact that administrative procedures with regard to the Plaintiffs' benefits calculations have been ongoing during the entire pendency of this FOIA litigation.[9] Defendant also argues that at this point in time there is no indication that any further responsive documents may be produced, and so Plaintiffs'

---

[6] These documents include a May, 2003, letter from Defendant regarding a determination of Plaintiff Joseph Bory's last pre-retirement employer, and documents dated January, 2009, relating to the alleged overpayment of his benefits (10 pages total).

[7] Three (3) documents in this group were sent to Defendant by Plaintiff Joseph Bory: a transmittal letter, a cover letter, and a July, 2003, letter asking Defendant to disregard his request to withdraw his application for benefits. The other three (3) documents are a Tax Withholding Election and a Rights Request Form signed by Plainitff Maureen Bory, and an October, 2008 letter signed by both Plainitffs appealing the work reduction component of their benefit claims.

[8] Exhibit D, Doc. 79-6, contains those documents which were subject to the parties' Joint Stipulation (Doc. 89), which the Court has addressed herein. Exhibit E, Doc. 79-7, contains several letters verifying information provided by Plaintiffs, a May, 2003, a worksheet for determining last pre-retirement employer (which does not contain any financial information), two (2) January, 2009, e-mails discussing Plaintiffs' claim for reconsideration of their benefit reductions, and Plaintiff Maureen Bory's August, 2008, Application for Employees Annuity-Certification. Docs. 68-4 through 68-13 also are documents provided in March 2012, prior to the May administrative hearing which include several of the same documents described above plus Summaries of Facts as to each Plaintiff dated June, 2010, and letters sent to Plaintiffs' counsel in April and May 2010.

[9] As of the hearing on December 5, 2012, counsel for Plaintiffs reported that the administrative judge had ruled in favor of Plaintiff Maureen Bory deciding not to reduce her benefits, and that an appeal of the decision to reduce Plaintiff Joseph Bory's benefits has been filed with the Railroad Retirement Board. Transcript of Hearing, Doc. 90 at 12.

request for injunctive relief essentially is moot. The Court cannot agree with these arguments.

Plaintiffs understandably are frustrated by the lengthy, cumbersome process they have endured, and continue to endure, with regard to the proper calculation of their retirement benefits, as well as the seeming non-existence of documents or agency employees who can explain how the decision in 2008 to reduce Plaintiffs' benefits was made. This FOIA litigation has been an ongoing part of that process, although not as helpful as it should have been.

Plaintiffs have had the opportunity for discovery in this case, to explore the adequacy of Defendant's search for and release of documents. In addition to the documents they had in their possession which were not produced by Defendant in its initial release of their alleged complete agency files, Plaintiffs point to the numerous other documents produced at various times after that initial disclosure in support of their position that Defendant improperly withheld documents that would have assisted them in understanding the decision to reduce their benefits.

The Court has examined the documents in question[10] and finds that the existence of so many additional documents cannot support a finding Defendant's initial search was reasonably calculated to uncover all responsive documents relevant to the reduction of Plaintiffs' benefits in 2008. As an initial matter, given that many of the documents Defendant released in February, 2009, as part of Plaintiffs' alleged complete agency

---

[10] The parties have identified every document at issue in this case and Defendant has attempted to explain why each document was not disclosed or was disclosed after Plaintiffs' initial FOIA request. As a result, Defendant was not required to prepare a Vaughn Index insomuch as it claims it is not attempting to withhold any other documents as exempted. See, e.g., Miscavige, 2 F.3d at 368-69.

records were non-responsive or not used to calculate Plaintiffs' benefits, the Court rejects Defendant's argument that the fact that later-released documents likewise were non-responsive supports its contention that its search for documents has been adequate.

Four later-released documents in particular merit separate comment. The documents Plaintiffs assert were most responsive to their FOIA requests and assisted them in understanding how their benefit reductions had been calculated consist of two e-mails from January, 2009, and two Summaries of Facts prepared in June, 2010. These documents were provided to Plaintiffs in March, 2012, prior to an administrative benefits claims hearing scheduled for May, 2012.

The Court agrees with Defendant that both e-mails between agency employees responsible for handling their benefit claims, generated after Plaintiffs initiated review of the decisions regarding their benefits but before Defendant's responses to Plaintiffs' FOIA requests were sent out, likely would have been exempted from FOIA disclosure as inter-agency communications, although Defendant ultimately did in fact provide them to Plaintiffs.[11] Nevertheless, these documents apparently were not located during Defendant's purported adequate search of its records. If they had been, Defendant would have been obligated to disclose their existence and to claim they were exempted from disclosure to give Plaintiffs an opportunity to challenge that assertion.

The Summaries of Facts, which contain explicit information with regard to the calculation of Plaintiffs' benefits, were generated in June 2010, over a year after

---

[11] "Section 552(b)(5) exempts from FOIA disclosure any 'inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency. 5 U.S.C. § 552(b)(5). The statutory provision, known as Exemption 5, incorporates into FOIA the statutory and common law privileges normally available to a party in civil discovery." Miccosukee, 516 F.3d at 1257.

Defendant responded to Plaintiffs' FOIA requests in February, 2009. Nevertheless, even though this FOIA litigation was pending, they were not provided to Plaintiffs until March, 2012, after Defendant had responded to discovery requests in this case and provided additional documents, and after it provided still other documents to Plaintiffs in response to their 2011 FOIA requests. Again, Defendant has provided no explanation in the record as to how and where these documents ultimately were discovered, and why these documents were not located during its records search in early 2009, or provided to Plaintiffs in a more timely manner during the pendency of this case.

The FOIA requires that an adequate search reasonably designed to produce all relevant documents be conducted in response to reasonably specific request, and the release of existing non-exempt documents in an agency's records. The agency also is required to inform the requester if any documents have been withheld, that is, whether their request has been denied in some part, and to notify the requester of the right to appeal the agency's FOIA response. On the basis of the record before it, the Court finds that Plaintiffs have established that Defendant improperly withheld records subject to FOIA release because the search they conducted was not reasonably calculated to discover all responsive documents. Defendant's employees responsible for responding to FOIA requests did nothing more than search three (3) computer databases by Plaintiffs' social security numbers and disclose the documents identified. The number of documents that have been produced subsequently, many of them clearly in existence in Defendant's records somewhere at the time the initial search was done, clearly indicates that the search was inadequate. In addition to the lack of explanation in the record to establish where in Defendant's records these additional documents were located, there is no indication in the

record that the employees responsible for responding to Plaintiffs' FOIA requests ever consulted with other employees handling Plaintiffs benefit claims to attempt to determine if they possessed any other records relevant to the calculation of Plaintiffs' benefits. As a result, Plaintiffs are entitled to summary judgment on the merits of their FOIA claim.

The FOIA provides for injunctive relief only. Plaintiffs' remedy upon the Court's determination that Defendant improperly withheld documents is to require Defendant to conduct another search of its records and to produce any responsive documents and/or describe documents it claims are exempted from disclosure. See Kissinger, 455 U.S. at 139. Although it would seem unlikely that any further documents responsive to the 2009, FOIA requests exist, Defendant's inability to explain to Plaintiffs sooner how the 2008 reduction in their benefits was determined, and its delay in producing some documents ultimately found in its possession over the course of the more than three years this FOIA litigation has been pending suggest additional documents might well exist. The Court thus will direct Defendant to search its records again, to disclose any non-exempt records uncovered, and to identify an documents it claims are exempt. If any records are uncovered, Plaintiffs are entitled to them.[12] The Court also will set deadlines for briefing on the issue of whether Plaintiffs are entitled to attorney's fees in this case.

**Exhaustion Requirement**

The Court now addresses the exhaustion issue raised by Defendant. Because

---

[12] As stated earlier, the Court was advised at the hearing on the cross-motions for summary judgment that a final determination has been made not to reduce Plaintiff Maureen Bory's benefits. However, the benefit claim case as to Plaintiff Joseph Bory remains pending.

Plaintiffs' complete agency records were not produced, and Defendant did not notify them of their right to appeal, Plaintiffs should be deemed to have exhausted their administrative remedies in this case.

It is undisputed that Plaintiffs were not advised of their right to appeal the Defendant's response as required under FOIA. See Ruotolo v. Dept. of Justice, Tax Div., 53 F.3d 4, 8-9 (2d Cir. 1995). Once some documents were produced in response to Plaintiffs' requests, even if the documents were untimely produced, Plaintiffs ordinarily would then have been required to exhaust administrative remedies before they filed suit in federal court. See Taylor v. Appleton, 30 F.3d 1365, 1369-1370 (11th Cir. 1994) and McDonnell v. United States, 4 F.3d 1227, 1240 (3d Cir. 1993), both citing Oglesby v. U.S. Dept. of Army, 920 F. 2d 57, 61-65 (D.C. Cir. 1990). However, the ordinary case requires that the agency notify the information requester of their right to appeal, which the parties do not dispute was not done in this case. See Oglesby, 920 F.2d at 65.

In it's Order denying Defendant's first motion for summary judgment, the Court found that a question of fact existed regarding whether Defendant thoroughly searched it records and fully responded to Plaintiffs' FOIA requests, and therefore, a question of fact also existed as to whether Plaintiffs should have been notified of their right to appeal Defendant's responses. Doc. 36 at 5 and n.4. The Court then allowed Plaintiffs the opportunity to seek discovery with regard to the adequacy of Defendant's records search.

As discussed above, the parties now have had the opportunity to engage in discovery. They also entered a Joint Stipulation (Doc. 89) identifying each document Plaintiffs had in their possession that was not produced in the initial response to their 2009 FOIA request.

Defendant cites 20 C.F.R. Ch. II, §200.4(i), for its position that because it made no full or partial denial of Plaintiffs' FOIA requests, it had no obligation to inform them of their right to appeal. Defendant also points out that Plaintiffs never officially put Defendant on notice that they were unhappy with Defendant's FOIA response until this lawsuit was filed.

For the reasons set forth above, the Court has found that Defendant improperly withheld documents from Plaintiffs, because its search was not adequate to uncover all responsive records, in other words, that its production of documents was not complete. As a result, Plaintiffs should have been notified of their right to appeal Defendant's response to their FOIA request before they would be required to exhaust administrative remedies.

The Court still is of the opinion that on the facts of this case "[t]o support Defendant's position that it need not notify FOIA requesters of their right to appeal whenever it claims to have provided all information and also then to require all requesters to administratively exhaust agency remedies before seeking relief in federal court when they dispute that all information was provided, simply would not be fair, and is not required to fulfill the purposes of the exhaustion requirement, which include giving Defendant an opportunity to correct its mistake or omission." Doc. 36 at n.3. Whether Plaintiffs filed an appeal or not, the record makes it abundantly clear that Plaintiffs diligently attempted to get information regarding Defendant's calculation of their benefits, and one of the initial steps in that process was their FOIA requests. That the FOIA request and the administrative claim regarding the reduction of benefits were proceeding simultaneously likely added some confusion to the process, but Defendant was well aware that Plaintiffs were unhappy with the information with which they had been provided with respect to the reduction of

their benefits and that they continued to seek information from Defendant after it responded to their FOIA request, which Defendant attempted to provide.[13]

For the foregoing reasons, the Court finds that Plaintiffs should be deemed to have exhausted their administrative remedies and such failure to exhaust is not a proper ground for denial of their motion for summary judgment in this case. Accordingly, it is

**ORDERED AND ADJUDGED:**

1. That Plaintiffs' Motion for Summary Judgment (Doc. 68) is granted;

2. That Defendant's Final Motion for Summary Judgment (Doc. 69) is denied;

3. That the Clerk is directed to enter judgment in favor of Plaintiffs and against Defendant;

4. That within thirty (30) days of the date of this Order, Defendant is directed to conduct a thorough search its records for documents related to the reduction of Plaintiffs' retirement benefits, to disclose any non-exempt records uncovered, and to identify an documents it claims are exempt; and

5. That Plaintiffs shall have fourteen (14) days from the date of this order to file a motion for attorney's fees, and Defendant shall have fourteen (14) days from the date of filing of Plaintiffs' motion to file its response.

---

[13] This case demonstrates that an agency may believe it has met its FOIA obligations to conduct an adequate search and to release all relevant non-exempt documents, yet still not have done so. For that reason, the Court would recommend that as a matter of prudence, agencies provide a notice of appeal rights to requesters as a matter of course, even if they assert that they have not denied any part of the request. Such practice would permit the agency to address any FOIA issues directly, provide an opportunity to remedy any possible violation of the FOIA, and possibly avoid the need for litigation in federal court.

**DONE AND ORDERED** at Jacksonville, Florida this 2 0_ day of March, 2013.

_____
HARVEY E. SCHLESINGER
United States District Judge

Copies to Counsel of Record:

Thomas A. ("Tad") Delegal, Esq.
Jason Metha, Esq.