UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH AND MAUREEN BORY,

      Plaintiffs,

vs.                                   Case No. 3:09-cv-1149-J-12MCR

U. S. RAILROAD RETIREMENT BOARD,

      Defendant.

_____

## ORDER

This cause is before the Court on: 1) Plaintiffs' Motion for Attorney Fees and Costs (Doc. 94) and Defendant's response in opposition (Doc. 97); and 2) Defendant's Motion Challenging Reasonableness of Attorney Fees (Doc. 104) and Plaintiffs' response in opposition (Doc. 106). On August 21, 2013, the Court conducted an evidentiary hearing on the motions. For the reasons set forth below, the Court finds that Plaintiffs are entitled to an award of attorney's fees and costs under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

Case Background

Plaintiffs filed this case on November 23, 2009, seeking documents pursuant to the FOIA related to the calculation of their retirement benefits and challenging Defendant's (the agency's) decision to reduce their benefits. After a hearing, the Court dismissed the Plaintiffs' FOIA claim with leave to amend to clarify how they had exhausted or constructively exhausted administrative remedies, and dismissed Plaintiffs' claim regarding the calculation

of their retirement benefits with prejudice, finding that jurisdiction over that claim was with the court of appeals.  <u>See</u> Order, Doc. 15.  After another hearing, the Court denied Defendant's motion to dismiss Plaintiffs' Amended Complaint for Relief (Doc. 17) and directed Defendant to file an answer.  <u>See</u> Order, Doc. 22.

Instead of filing an answer, Defendant filed a motion for summary judgment, which the Court denied after a hearing because it concluded that questions of fact existed about whether Defendant had made an adequate search of its records and disclosed all documents required by the FOIA such that summary judgment was not appropriate and Plaintiffs merited the opportunity to seek discovery.  <u>See</u> Order, Doc. 36.

Thereafter, the parties participated in a mediation conference, as well as a settlement conference with the assigned Magistrate Judge.  <u>See</u> Docs. 49 and 59.  At a status conference held after the Magistrate Judge declared an impasse at the settlement conference, the parties advised the Court that they were in agreement that the case was ripe for adjudication on summary judgment in lieu of a non-jury trial, and the Court set a briefing schedule.  <u>See</u> Docs. 63 and 65.

On December 5, 2012, the Court conducted a hearing on the parties' cross-motions for summary judgment.  <u>See</u> Docs. 88 and 90.  By Order entered March 20, 2012, the Court granted Plaintiffs' motion for summary judgment, denied Defendant's motion for summary judgment, and directed the Clerk of Court to enter judgment accordingly.  <u>See</u> Docs. 92 and 93.

<u>Entitlement to Award of Attorney's Fees and Costs</u>

The Court now must determine whether Plaintiffs are entitled to an award of

2

attorney's fees and costs pursuant to the FOIA ( 5 U.S.C. § 552(a)(4)(E)), and if so, how much they should recover.  Plaintiffs must demonstrate they are both eligible and entitled to such award.  See Weisberg v. U.S. Dept. of Justice, 745 F.2d 1476, 1495 (D.C. Cir. 1984).   For purposes of the fee motions, Defendant does not contest that Plaintiffs are eligible for a fee award in that they substantially prevailed in the litigation.  See Doc. 97 at 2.  Defendant contends however, that Plaintiffs are not entitled to such award.

To determine whether Plaintiffs are entitled to a fee award, the Court must balance four (4) factors: 1) the public benefit deriving from the case; 2) the commercial benefit to Plaintiffs; 3) the nature of their interest in the records; and 4) the reasonableness of the agency's withholding.  Id. at 1498.  The evaluation of these factors requires the Court to exercise its discretion in determining entitlement to fees.

Defendant argues that Plaintiffs are not entitled to a fee award after evaluating these factors because they sought records related to the calculation of their retirement benefits for a purely private interest or benefit and used the FOIA request as a substitute for discovery in the administrative proceedings related to the calculation of their retirement benefits. Defendant also maintains that it did not intentionally withhold records and had a colorable basis in law for its position in the litigation.

Plaintiffs admit their personal interest in obtaining information to contest the reduction of their retirement benefits, but also point out that they persisted in the FOIA litigation and communicated with other railroad retirees about their suit during its pendency to increase awareness of how railroad retirees who challenged benefit determinations were treated by the agency in the hope of changing its culture.  They also argue that the Court should award

3

fees in its discretion even if it finds Plaintiffs have not met all four factors due to the extent of the agency's recalcitrance in producing responsive records.

The Court finds that Plaintiffs have established their entitlement to a fee award. Defendant has taken the position consistently throughout this litigation that in response to Plaintiffs' initial FOIA requests, it conducted a search of its records reasonably calculated to uncover all relevant documents, its initial production of documents constituted "a complete copy of the records maintained by the Railroad Retirement Board regarding you," and for those reasons it was not required to notify Plaintiffs of their right to appeal Defendant's FOIA response. The Court found in its Order (Doc. 92 at 8) granting summary judgment on behalf of Plaintiffs that "Plaintiffs have established that Defendant improperly withheld agency records because Defendant has not established that its search for responsive documents was adequate or reasonably calculated to uncover all relevant documents." In reaching that conclusion, the Court discussed among other things: 1) documents Plaintiffs had in their possession at the time of Defendant's initial release of documents which Defendant neither denied were in its possession at the time of Plaintiffs' initial FOIA requests nor attempted to explain why they were not included in the initial disclosure; and 2) numerous other documents responsive to their FOIA requests Defendant produced over the almost four (4) year course of the FOIA litigation and the administrative proceedings related to the calculation of their retirement benefits. Moreover, in response to the Court's order to conduct another search of its records and disclose any relevant documents, Defendant filed a Notice of Compliance (Doc. 98) advising the Court that on April 22 and 23, 2013, they produced all non-exempt documents regarding Plaintiffs' 2009 FOIA requests, along with

4

a Vaughn Index for all exempt documents which it never before produced. The Court finds the agency's conduct constituted an unreasonable withholding of documents and is a most significant, if not potentially determinative factor, justifying an award of fees and costs in this case.

Nevertheless, the Court also finds that Plaintiffs sufficiently have satisfied the other three (3) factors, all of which address the public versus private nature of Plaintiffs' interest in the litigation. At the hearing on this matter, the Court heard testimony from Plaintiff Joseph Bory, and two of his fellow railroad retirees, August Westphal and Richard Keene, about efforts Plaintiffs have made to keep the railroad retirement community apprised of the progress of this litigation with the hope that some changes would occur in the process by which the Railroad Retirement Board handles proceedings concerning calculation of benefits. Plaintiffs' persistence in this litigation, involvement with the railroad retiree community, and communications about the lawsuit confer a public benefit, in addition to a private one. Plaintiffs financed this litigation themselves, and their expressions of intent to benefit other railroad retirees and change the agency's culture, as well as to understand why their benefits were reduced, are supported by the record.[1]

In granting summary judgment to Plaintiffs, the Court found that the disclosure of

---

[1]    The Court has reviewed the cases submitted by Defendant and considered its arguments in support of its position that the nature of the public benefit in this case, if any, cannot support a FOIA fee award. The Court recognizes that in the typical case, the public benefit derives from the nature of the documents released. The Court would point out that had Defendant's initial response to Plaintiffs' FOIA requests been adequate, or had Defendant not continued to insist that it had conducted an adequate search and disclosed all relevant documents even as evidence to the contrary continued to emerge, the public interest aspect of the case would not have developed. It was Defendant's conduct in improperly withholding documents over the course of the litigation that created the situation giving rise to a public interest in this case.

5

records in this case demonstrated that the agency's search process was not adequate to meet its FOIA obligations.  The Court also reiterated the opinion stated in the Order denying Defendant's first motion for summary judgment, that the agency's[2] position that if it claimed that it had produced the entire file, it did not have to notify the requester of the right to appeal, was unfair and inconsistent with the purposes of the FOIA.   Order, Doc. 92 at 18.  The Court also suggested the agency change its FOIA response process.  Id. at 19, n. 13.

For these reasons, the Court finds that Plaintiffs are entitled to an award of fees and costs under the FOIA.  The Court now must determine the amount of fees to be awarded by determining the reasonable hourly rate and reasonableness of the number of hours expended (lodestar award).  See Weisberg, 745 F.2d at 1499.  In doing so, the Court refers to and applies familiar standards and factors set forth Hensley v. Eckerhart, 461 U.S. 424 (1983), Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988), and Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

Amount of Fees and Costs to be Awarded

As an initial matter, in challenging both the hourly rates requested and number of hours spent, Defendant argues that this case was not complex.  However, Plaintiffs correctly point out that this case was unusual in that the agency's consistent position was that it had conducted an adequate search, disclosed all documents responsive to Plaintiffs' FOIA requests, and did not have to notify Plaintiffs of their right to appeal as a result.  Moreover,

---

[2]     The Court notes that attorneys and personnel working for Defendant U.S. Railroad Retirement Board were responsible for that agency's compliance or lack thereof with the FOIA, as well as for matters related to calculation of benefits.  Throughout this litigation, Defendant was represented by attorneys from the United States Attorney's Office, who advocated the agency's position and attempted to assist Defendant in resolving the FOIA and benefits issues.

two motions to dismiss, a motion for summary judgment, permission to conduct discovery (seldom permitted in FOIA litigation), resolution on cross-motions for summary judgment almost four years after the case was filed, and numerous hearings and status conferences along the way suggest otherwise.

The degree of success is an important factor in determining the amount of fees to be awarded. With the exception of the dismissal of their claim regarding the calculation of their benefits, over which the Court of Appeals has jurisdiction, Plaintiffs persevered and prevailed at every stage of this lengthy, vigorously contested litigation. The Court is of the opinion that Plaintiffs' success in this litigation is significant.[3]

The Court has carefully reviewed the submissions of the parties, considered the evidence and argument of counsel presented at the hearing, and will make the award of fees and costs to Plaintiffs for the additional reasons set forth below. The Court first addresses Plaintiffs' requested hourly rate, then the reasonableness of the number of hours spent, and finally, the request for reimbursement of costs.

A.    Hourly rate

To determine a reasonable hourly rate, the Court looks to the prevailing market rate in the relevant community. What the attorney typically charges clients is an important factor. See Blum v. Stenson, 465 U.S. 886, 895, n. 11 (1984)(What an attorney charges clients is powerful, perhaps best, evidence of market rate, because such payment likely is

---

[3]    An upward adjustment to the lodestar is permissible in FOIA cases for exceptional success. See Weisberg, 745 F.2d at 1499. Plaintiffs have not sought an upward adjustment to the lodestar, so the Court will not address whether it would be warranted. Nevertheless, the Court does consider the considerable degree of success in this case in determining the reasonableness of the hourly rate and the number of hours.

dictated by supply and demand.)  Defendant contends the reasonable hourly rate for work

performed by Plaintiffs' primary counsel is $200 per hour.  Plaintiffs counsel seeks $325 and

$350 per hour through July 1, 2013, and $375 per hour thereafter.  He supplies his own

affidavit, the affidavit of another attorney familiar with rates charged in the local community

for similar services, and several court decisions awarding him fees to support recovery of

fees at his customary rate, as well as the rates billed for work performed by his associate

and paralegals.  Plaintiffs' counsel has substantial experience in litigation with government

agencies and is certified by The Florida Bar in Labor and Employment Law as well as

Federal Administrative Practice.  The Court finds that Plaintiffs' counsel has provided ample

support that the rates he charged and that Plaintiffs seek to recover in this lengthy, complex

case are reasonable.

> B.    Number of Hours

The Court should not reduce requested fees unless the time spent appears obviously

and convincingly excessive.  Plaintiffs' counsel has provided a detailed description of his

billing practices in general, and in this case in particular.  Plaintiffs request fees in the

following amounts:

| | |
|---|---|
| $52,070.96 | through 4/2/13 |
| $ 9,968.59 | additional through 6/7/13 |
| $ 2,642.59 | additional through 7/12/13 |
| $    750.00 | hearing on 8/21/13 |
| $ 65,432.14 | total |

Defendant seeks a reduction of $8,898.25 with regard to fees incurred through April

2, 2013.  Defendant makes six (6) specific challenges and argues the amount requested

should be reduced by the following amounts: 1) $3,629.50 representing half of all entries

Defendant asserts include work both on administrative proceedings regarding Plaintiffs' retirement benefits and work on this FOIA case; 2) $962.00 for basic legal research; 3) $1,962.00 spent on clerical tasks; 4) $581.50 for the preparation of a second FOIA claim in 2011; 5) $382.50 for work done by counsel's wife; and 6) $1,380.75 involved in the preparation of a joint stipulation related to documents initially produced submitted in conjunction with the cross-motions for summary judgment.

Plaintiffs agree that the following reductions are warranted: 1) regarding Defendant's first challenge, $536.25 for work on administrative claims; and 2) regarding Defendant's third challenge, $446.00 for clerical tasks.  The total agreed reduction is $982.25.  With regard to Defendant's first and third challenges to the requested fees, concerning fees related solely to administrative proceedings concerning their benefit reductions and the billing of clerical tasks, the Court finds that the reductions to which Plaintiffs have agreed adequately address any concerns regarding the excessiveness of the amount billed.

The Court agrees with Plaintiffs that regarding Defendant's second challenge, no reduction is warranted for time spent conducting basic legal research.  Some of the legal research that Defendant challenges was related to the exhaustion of administrative remedies issue which was unusual in this case. Other charges for research do not appear excessive given the various proceedings in this case.

The Court likewise finds that no reduction is warranted based on Defendant's fourth challenge.  As Plaintiffs point out, Plaintiffs' second FOIA request in 2011 resulted in the production of additional documents which supported Plaintiffs' claim that Defendant's initial search and disclosure of documents was inadequate.

9

Defendant's fifth challenge likewise does not warrant reduction.  Plaintiffs' counsel explains that his wife is employed by his firm, works as a paralegal at times, and his fee request includes only paralegal work performed by her.  Defendant has not established otherwise.

Finally, the Court finds that no reduction is warranted based on Defendant's sixth challenge.  The Court agrees with Plaintiffs that preparation of a stipulation regarding which documents were initially produced was necessary.  That the stipulation was not prepared until after the hearing on the cross-motions for summary judgment due to counsel's late discovery of the discrepancy is immaterial.  The Court had to determine which documents were initially produced, and which ones were not, in order to determine which party was entitled to summary judgment.  The stipulation was of assistance to the Court in that determination.

The Court also bases its determinations with regard to the fee award on the thorough job counsel has done of explaining his billing practices, providing the Court with supporting documentation and authority, and describing and justifying the various expenditures of time.  Therefore, the Court will award Plaintiffs $64,449.89 in attorney's fees, which represents the $65,432.14 requested less the agreed reduction of $982.25.

C.    Costs

The FOIA permits an award of "reasonable attorney's fees and other litigation costs reasonably incurred."  5 U.S.C. § 552(a)(4)(E).  Plaintiffs request reimbursement for costs in the following amounts:

$ 2,112.06   through 4/1/13
$    417.83   additional through 8/2/13
$ 2,529.89   total

With regard to costs incurred through April 1, 2013, Defendant seeks a reduction of

$1,712.22 . Defendant specifically challenges: 1) $397.97 for computer legal research as

a non-recoverable cost; and 2) $1,314.25 requested for photocopies because the entries are

not detailed enough to determine whether the copies were necessarily obtained for use in

the case.  Plaintiffs' request for costs incurred after April 2, 2013, includes $276.33 for

computer legal research, and $141.50 for photocopies.  The Court considers Defendant's

challenges to include those amounts as well.

Costs in addition to those set forth in 28 U.S.C. § 1920 may be awarded when a

statute authorizes the award of fees and costs.  See Dowdell v. Apopka, 698 F.2d 1181,

1188-89 (11th Cir 1983)("Where cost-shifting is expressly authorized by statute, the

traditional limitations of Rule 54(d) and 28 U.S.C. §§ 1920 and 1923(a) do not apply."

(citation omitted)).

The Court will permit Plaintiffs to recover their costs for computer research in this

FOIA case.  While such costs are not recoverable in the Eleventh Circuit pursuant to 28

U.S.C. § 1920, it has approved them as recoverable costs under the Equal Access to Justice

Act, and the Court is of the opinion that they are justified in this case.  See Jean v. Nelson,

863 F.2d 759, 778 (11th Cir. 1988).

The entries for photocopying costs consist of an amount listed for each month.  With

the exception of the July, 2013, entry, the only one which includes the number of copies and

cost per page, there is no indication in the entries of how many pages were copied, at what

11

cost per page, nor any description of the reason the photocopies were made to assist in a determination that they were necessarily obtained for use in the case, as required when costs are awarded pursuant to 28 U.S.C. § 1920.   The Court is not bound by the requirements of 28 U.S.C. § 1920, and does not agree with Defendant that the entire amount should be denied.  Therefore, the Court will reduce the amount requested for all photocopies by half.  In the lengthy course of this complex litigation, the Court is of the opinion that Plaintiffs are entitled to recover some costs for copies.  The Court thus will reduce Plaintiffs' requested costs of $2,529.89 by $727.88, which is one-half of the photocopying costs of $1,314,25 and $141.50, and permit Plaintiffs to recover costs in the amount  $1,802.01.

Therefore, for the foregoing reasons, it is

**ORDERED:**

1.      Plaintiffs' Motion for Attorney Fees and Costs (Doc. 94) is **GRANTED**;.

2.      Defendant's Motion Challenging Reasonableness of Attorney Fees (Doc. 104) is **DENIED**;

3.      Plaintiffs are awarded at total of $66,251.90 for attorney's fees and costs. This total is comprised of $64,449.89 for attorney's fees and $1,802.01 in costs as set forth in the Order; and

4.    The Clerk is directed to close the case.

**DONE AND ORDERED** in Jacksonville, Florida, this 25 day of September, 2013.

HARVEY E. SCHLESINGER
United States District Judge

Copies to: Counsel of Record
Thomas A. "Tad" Delegal, III, Esq.
Roberto Rodriguez, Esq.
Jason Mehta, Esq.

13